UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 13-10309-FDS |
| | ) |
| DILLON LETELLIER, | ) |
|           Defendant. | ) |

## GOVERNMENT'S MOTION FOR PROTECTIVE ORDER REGARDING CHILD VICTIM PURSUANT TO 18 U.S.C. § 3509

The United States of America hereby seeks a protective order pursuant to 18 U.S.C. § 3509(d)(3), prohibiting the public disclosure of the child victim's name and other information concerning the child victim in the course of the proceedings in the above named case. Additionally, pursuant to 18 U.S.C. § 3509(d)(3)(B)(2), in order to provide a measure that may be necessary to protect the privacy of the child victim, the government also requests that counsel for the defendant be prohibited from disseminating, duplicating or disclosing any and all oral and visual electronic recordings of the child victim in this case to anyone outside of the defense team as outlined herein. There is a significant possibility that public disclosure of the child victim's identity or dissemination of oral and visual recordings of the child victim would be detrimental to the child victim.

Title 18, United States Code, Section 3509, the Child Victim Rights Act, provides the following with regard to protection of the confidentiality of child witnesses and victims:

> On motion by any person the court may issue an order protecting a child from
> public disclosure of the name of or any other information concerning the child
> in the course of the proceedings, if the court determines that there is a significant
> possibility that such disclosure would be detrimental to the child.

18 U.S.C. § 3509(d)(3)(A).

Title 18, United States Code, Section 3509(d)(3)(A), further provides that:

A protective order issued under subparagraph (A) may –

(i) Provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and

(ii) Provide for any other measures that may be necessary to protect the privacy of the child.
18 U.S.C. § 3509(d)(3)(B).

Title 18, United States Code, Section 3509(d)(4), further provides that:

Disclosure of information – This subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant, a multidisciplinary child abuse team, a guardian ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.

Due to the nature of the charges herein and based on testimony elicited at the detention hearing held in this case, it is clear that the child victim, referred to as "Minor A" in the indictment, has engaged in sexually explicit conduct with defendant Letellier. The child victim was 14 years of age at the time of the offense conduct charged in the indictment. It is clear that there is a "significant possibility" that identifying the child victim in this case would be detrimental to her as would disseminating copies of her interview with the police. The disclosure of her identity as the victim in this case would result in extreme mental distress and could seriously affect her reputation. Based on the above, the government hereby moves for a protective order requiring that the child victim be referred to only as "Minor A," "minor victim," or "victim," in all pleadings and in court during any hearings and at the trial of this matter.

The measures the Government seeks pass constitutional muster. In <u>United States v. Broussard</u>, 767 F.Supp. 1545, 1546-48 (D. Or. 1991), the court upheld the redaction of child-identifying information from documents made part of the public record in a criminal case. The court specifically rejected the defendant's argument that redaction of documents affected his First or Sixth Amendments right to a public trial. <u>Id.</u>

Moreover, in <u>United States v. Anderson</u>, 139 F.3d 291, 301-302 (1st Cir. 1998), <u>cert</u>. <u>den</u>. <u>sub</u>. <u>nom</u>. <u>Coutermarsh v. United States</u>, 525 U.S. 866 (1998) the First Circuit upheld a district court's order prohibiting the disclosure of the last names of two juvenile witnesses at trial. The defendants were charged, in part, with transporting the juveniles from Massachusetts to New Jersey for purposes of prostitution, in violation of 18 U.S.C. § 2423(a). Relying on 18 U.S.C. § 3509(d)(3), the district court "ordered that, in order to protect their identity, the last names of the juvenile witnesses not be disclosed during the trial." <u>Anderson</u>, 139 F.3d at 302.

In this case, the Government requests that the child victim be referenced by "Minor A," "minor victim," or "victim," rather than by the minor victim's name, in all pleadings and proceedings in this case.1 This restriction serves a compelling interest in "safeguarding the psychological well-being of a minor". <u>Globe Newspaper Co. v. Superior Court for Norfolk County</u>, 457 U.S. 596, 604-605 (1982); <u>Broussard</u>, 767 F. Supp. At 1546. The nature of Minor A's disclosure and Minor A's young age warrants protection of Minor A's identity. Further, unlike the facts in <u>Globe Newspaper Co</u>., the name of the minor victim has been kept confidential in all pleadings filed to date this case.

---

1 The government reserves the right to file a supplemental motion at a later time relative to whether the minor victim's name should be disclosed at trial.

If no protective measures are taken, and Minor A's identity is disclosed, Minor A would likely be subject to inquiries and scrutiny from Minor A's classmates and members of the community. Disclosure of the minor's identity will thus likely harm the minor's mental and emotional health.

Therefore, her name, any personal identifying information pertaining to her, including but not limited to, her full date of birth, address, phone numbers, email address, and her Teenspot.com profile and information pertaining to same, be protected from public disclosure during the course of all proceedings in this matter.

The Government further requests this Court issue a protective order that any oral or visual electronic recordings or materials pertaining to "Minor A" that will be provided to counsel for the defendant be subject to the following conditions:

1. No oral or visual electronic recording(s) depicting the minor victim or depicting the minor victim's voice shall be duplicated without the written permission of the Court;

2. Any such oral or visual electronic recording(s) pertaining to the minor victim or any written transcript of any such oral or visual electronic recording(s) shall not, at any time and under any circumstances, leave the care and custody of the "defense team" in the above entitled case without prior order of the Court;2

3. If for any reason defense counsel of record withdraws from this case, any and all oral or visual electronic recording(s) pertaining to the minor victim or any written transcript or contents of such oral or visual electronic recording(s) shall be returned to the United States Attorney's Office within 3 days of withdrawal from the case;

---

2 "Defense team" shall include counsel for the defendant, legal assistants, paralegals, investigators or individuals hired specifically to assist in the preparation or trial of the case.

4. Neither the oral or visual electronic recording(s), contents nor any written transcripts of the contents of any oral or visual electronic recording(s) shall be disclosed, disseminated or displayed to any person except the defense team in the above entitled case; and

5. The oral and visual electronic recordings, and contents of any such oral or visual electronic recordings which may be provided to counsel for the defendant during discovery shall be returned to the United States Attorney's Office within 10 days of disposition of the case or resolution of appeal in the above entitled matter.

Based on the foregoing the government request the Court grant the motion to the extent that the child victim be referred to as "Minor A," "minor victim," or "victim" in all future pleadings and hearings in this matter, and that the defendant and counsel for the defendant be precluded from copying, distributing or disseminating any information pertaining to the minor victim to anyone not involved in the defense of this case as outlined above.

Pursuant to Local Rule 7.1, counsel certifies that she has consulted with counsel for defendant in an attempt to resolve the issue(s) presented herein. Counsel for the defendant has indicated he has no objection to this motion.

    Respectfully submitted,

    CARMEN M. ORTIZ
    United States Attorney

By:    s/Suzanne Sullivan Jacobus
       Suzanne Sullivan Jacobus
       Assistant U.S. Attorney

MOTION ALLOWED

_____
LEO T. SOROKIN
Chief United States Magistrate Judge

Dated: _____

## CERTIFICATE OF SERVICE

     This is to certify that I have this day served upon the following counsel of record a copy of the foregoing document via electronic filing to:

        Attorney Stellio Sinnis
        Federal Defenders Office
        51 Sleeper Street, 5th floor
        Boston, MA 02210

        s/ Suzanne Sullivan Jacobus
        Suzanne Sullivan Jacobus
        Assistant U.S. Attorney