UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO.13-CR-10309-GAO |
| v. | ) | |
| | ) | |
| DILLAN LETELLIER, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS CELL-SITE LOCATION DATA

The United States of America, by and through undersigned counsel, submits this memorandum in support of its Opposition to Defendant's Motion to Suppress Cell-Site Location Data (*see* docket entry # 68).   The question currently before the Court is whether Letellier's constitutional right under the Fourth Amendment to be free from an unreasonable government search was violated when law enforcement obtained a court under 18 U.S.C. § 2703(d) to obtain non-content information, including historical cell-site data, relating to the defendant's lawfully seized cellular telephone number ending in "3578".   The answer is no.   The cell-site location evidence was lawfully obtained and comports with applicable Fourth Amendment principals and was not constitutionally unreasonable.   As such, the defendant's motion should be denied.

## I.      STATUTORY BACKGROUND

Congress enacted the Stored Communications Act, 18 U.S.C. §§ 2701-2712 ("SCA"), as part of the Electronic Communications Privacy Act ("ECPA") in 1986 to create a system of statutory privacy rights for customers and subscribers of computer network service providers. Section 2703 of the SCA, the provision that defendant now challenges, regulates government access to stored communications by creating a code of criminal procedure that federal and state law enforcement officers must follow in order to compel disclosure of stored communications.

1

Since the enactment of the SCA, law enforcement has regularly used § 2703 order to compel disclosure of stored information.

The structure of § 2703 reflects congressional judgments about what kinds of information implicate greater or lesser privacy interests. In general, the SCA offers greater protection to categories of information perceived by Congress to implicate greater privacy interests. Under § 2703(d) of the SCA, orders are issued by courts on a finding that the government has offered "specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d).   This standard is "higher than a subpoena, but not a probable cause warrant." H.R. Rep. No. 103-827(I), at 31 (1996), *reprinted in* 1996 U.S.C.C.A.N. 3489, 3511.

The SCA does not lower the bar from a warrant to a § 2703(d) order.   Rather, requiring a court order under § 2703(d) raises the bar from an ordinary subpoena to one with additional privacy protections built in. In enacting the SCA, Congress has required more before the government can obtain telephone records from a third-party business. The SCA goes above and beyond the constitutional requirements regarding compulsory subpoena process.   *See United States v. Davis*, 785 F.3d 498, 505 (11th Cir. (Fla.) (May 5, 2015)).

## II.       PROCEDURAL AND FACTUAL BACKGROUND

On October 1, 2013, United States Postal Inspection Services ("USPIS") obtained a criminal complaint and arrest warrant in the District of Massachusetts for defendant Letellier.   On October 3, 2013, USPIS traveled to the defendant's residence in Maine and arrested the defendant at his home.   That same date of October 3, 2013, the residence was secured; a federal search warrant for the defendant's residence was obtained in the U.S. District Court in Maine and

executed that day.   The defendant's cell phone was one of the items lawfully seized pursuant to the search warrant.   On November 26, 2013, the government applied for and received an Order to obtain cell-site location data from the defendant's lawfully seized phone.   In the application the government did not seek any Global-Positioning System ("GPS") or real-time (also known as "prospective") location information.   Rather, the § 2703(d) order sought non-content historical information from the defendant's cell phone.[1]

On October 29, 2013, a four-count indictment was returned charging Letellier with One Count of Coercion and Enticement of a Minor ("Minor A") and one count of Attempted Coercion and Enticement of a Minor ("Minor A"), both in violation of 18 U.S.C. § 2422(b); and two counts of Travel with Intent to Engage in Illicit Sexual Conduct ("Minor A"), in violation of 18 U.S.C. § 2423(b).   On December 4, 2014, a seven-count superseding indictment was returned charging Letellier with two counts of Coercion and Enticement of a Minor ("Minor A" and "Minor B") and one count of Attempted Coercion and Enticement of a Minor ("Minor A"), all in violation of 18 U.S.C. § 2422(b); three counts of Travel with Intent to Engage in Illicit Sexual Conduct ("Minor A" and "Minor B"), in violation of 18 U.S.C. § 2423; and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

## III.   LEGAL ARGUMENT

Although the government obtained the cell-site location data through a statutorily-prescribed judicial order, defendant principally argues that the cell-site location data should be suppressed because it was obtained pursuant to 18 U.S.C. § 2703(d) of the Stored Communications Act

---

[1] For additional facts of the case *see In Re: Application of the United States of America for An Order Pursuant to 18 U.S.C. § 2703(d) Order* (attached to defendant's motion to suppress as document # 68-1).

("SCA"), 18 U.S.C §§ 2701 to 2712, a provision that defendant claims is facially unconstitutional and unconstitutional as applied to him. (*See* Def. Mot. at 1, 6.)   In essence, defendant's position is that the Fourth Amendment requires the government to get a warrant based on probable cause whenever it seeks to obtain historical cell-site location data from an electronic communications service provider ("ECS") like Sprint.   Defendant's argument disregards the current state of the law.

Defendant's motion fails for multiple reasons.   First, the government's use of the Order to obtain the cell-site location data did not violate defendant's constitutional rights as the Fourth Amendment permits the government to use compelled disclosures, subject to a reasonableness standard, to obtain such information from an ECSP.   Second, assuming, *arguendo*, that the SCA is unconstitutional, the good faith exception to the exclusionary rule precludes the suppression of the cell-site location data on that basis because it was objectively reasonable for the government to rely on the SCA to obtain that information. Third, defendant is not entitled to suppression based on his alternative argument that the Application and Order violated the SCA, both because suppression is not an available remedy for SCA violations and because the Application and Order satisfied the "reasonable grounds" requirement set by § 2703(d).

## THE GOVERNMENT'S USE OF § 2703(d) ORDERS DID NOT VIOLATE DEFENDANT'S FOURTH AMENDMENT RIGHTS

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." (*Emphasis* added.) *United States v. Place*, 462 S.Ct. 696, 700 (1983).   In the ordinary case, the Court has viewed a seizure of personal property as *per se* unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant issued upon probable cause and

4

particularly describing the items to be seized.  *See Marron v. United States,* 275 U.S. 192, 196 (1927).  "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another."  *Id*. at 196.  The Fourth Amendment "protects people from unreasonable government intrusions into their legitimate expectations of privacy."  *United States v. Chadwick*, 433 U.S. 1, 7 (1977).  A party must establish a Fourth Amendment search by showing that the government engaged in conduct that "would have constituted a 'search' within the original meaning of the Fourth Amendment," *United States v. Jones,* 565 U.S. __, __,132 S. Ct. 945 (2012).  "Search" originally was tied to common-law trespass and involved some trespassory intrusion on property.  *See Davis* at 506 *(*citing *Kyllo v. United States*, 533 U.S. 27, 31-32, 121 S.Ct. 2038, 2042 (2001)).

In 1967, the Supreme Court added a separate test –the reasonable-expectation-of-privacy test – to analyze whether a search occurred for purposes of the Fourth Amendment.  *See Smith v. Maryland*, 442 U.S. 735, 739-40, 99 S. Ct. 2577, 2579-80 (1979) (citing *Katz v. United States*, 389 U.S. 347, 88 S. Ct. 507 (1967)).  In *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), the Court held that 'the Fourth Amendment protects people, not places," and concluded that attachment of an eavesdropping devise to a public telephone booth violated the Fourth Amendment.  *Id.* at 351.  "*Katz* posits a two-part inquiry: first, has the individual manifested a subjective expectation of privacy in the object of the challenged search?" *California v. Ciraolo*, 476 U.S. 207, 211, 106 S. Ct. 1809, 1811 (1986).  "Second, is society willing to recognize that expectation as reasonable?" *Id.*  Thus, "a party alleging an unconstitutional search under the Fourth Amendment must establish both a subjective and an objective expectation of

privacy to succeed." *United States v. Robinson*, 62 F.3d 1325, 1328 (11th Cir. 1995).   See *Davis* at 507.   Defendant Letellier has failed to establish either.

In *United States v. Miller*, 425 U.S. 435, 96 S. Ct. 1619 (1976) federal agents subpoenaed two banks seeking to obtain all of Miler's bank account records.   The Supreme Court held Miller had no protectable Fourth Amendment interest in account records as he was not a party and he voluntarily conveyed the information to the banks.   He had "neither ownership nor possession" over the papers and the records.   *Id.* at 437.

In *Smith v. Maryland*, 442 U.S. 735, at 745-746, 99 S. Ct. 2577, 61 L.Ed.2d 220 (1979) the Court held that warrantless installation and use of a pen register that records only telephone numbers dialed, which numbers were voluntarily conveyed to the telephone company, was not a search under the Fourth Amendment.   The Court determined there was no Fourth Amendment violation because Smith did not have an expectation of privacy in the telephone numbers dialed from his phone, which were voluntarily transmitted to the telephone company.   *Id.* at 742-44, 99 S. Ct. 2577.   The Court distinguished between *Katz* and *Smith* by stressing that "a pen register differed significantly from the listening devise employed in *Katz*, for pen registers do not acquire the contents for communications." *See Davis at 508 (*citing *Smith* at 741, 99 S. Ct. at 2581). As to the objective expectation of privacy, the Supreme Court "consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *See Davis* at 509 (citing *Smith* at 743-44, 99 S. Ct. at 2582).

This District has held that obtaining historical cell site information is not a search within the Fourth Amendment and thus a finding of probable cause is not required.   *See In Re Applications for the United States of America for Orders Pursuant to Title 18, United States Code, Section 2703(d)*, 509 F. Supp.2d 76 (D. Mass., 2007)(Stearns, J.) as well as *In the Matter of the*

*Application of the United States for an Order Pursuant to Title 18, United States Code, Section 2703(d) To Disclose Subscriber Information And Cell Site Information,* (No. 12-MJ-1084-RBC (unpublished opinion)).   As Magistrate Judge Collings articulates, "since 2007, [he], as well as other magistrate judges in this District, have uniformly followed the law as set forth in Judge Stearns' opinion." *Id* at. p. 2.

The exact issue raised by Letellier relative to historical cell-site records was decided most recently by the Eleventh Circuit in *United States v. Davis*.   Although not controlling, the facts in the instant case mirror those in *Davis*.   In *Davis*, the *en banc* Eleventh Circuit held that use of a § 2703(d) order to compel disclosure of historical cell-site records does not violate the Fourth Amendment.   The Court found that *Davis* had no reasonable expectation of privacy in his historical cell-site records and that even if he retained some expectation of privacy in those records, the government's use of a § 2703(d) order to compel disclosure of the records was reasonable.   The Court determined that the § 2703(d) order compelling the production of a third-party telephone company's business records containing historical cell tower location information, did not violate Davis's Fourth Amendment rights and was not unconstitutional.

In determining that Davis had no reasonable expectation of privacy in his cell-site records, the court applied the reasoning of *Miller* and *Smith.*   In *Davis*, the Court determined that the government did not search Davis when it acquired historical cell tower location information from MetroPCS.   The court recognized that "like the bank customer in *Miller*, and the phone customer in *Smith*, Davis can assert neither ownership nor possession of the third-party's business records" he sought to suppress.   *See Davis* at 511.   Instead, those cell tower records were created by MetroPCS, stored on its own premises, and subject to it control.   Cell tower location records do not contain private communications of the subscriber.   This type of non-content evidence,

lawfully created by a third-party telephone company for legitimate business purpose, does not

belong to Davis, even if it concerns him… [m]ore importantly, like the bank customer in *Miller*

and the phone customer in *Smith*, *Davis* has no subjective or objective reasonable expectation of

privacy in MetroPCS's business records showing the cell tower locations that wirelessly

connected his calls at or near the time of six of the seven robberies."    *See Davis* at 511.    In *Davis*,

the Court held the longstanding third-party doctrine plainly controls the disposition of this case.

*Id.* at 512.    The same holding should apply in the instant case.    That opinion is also noteworthy

for its recognition of the privacy-protecting function of the SCA.    The court explained "[t]he SCA

goes above and beyond the constitutional requirements regarding compulsory subpoena process."

*Davis* at 506**.**    In applying the *Katz's* test, in both *Miller* and *Smith* the Supreme Court held that

individuals have no reasonable expectation of privacy in certain business records owned and

maintained by a third-party business. *See Davis* at 507.    Further, in the *Smith, Miller* and *Davis*

cases the Court found there was no Fourth Amendment violation. The same reasoning and result

should be reached in the instant case.

   Similar to defendant *Davis*, defendant Letellier asserts the production of Sprint's records

constituted a search under the Fourth Amendment and thus required probable cause and a search

warrant.    Similar to the facts in *Davis*, here there was no GPS device, no physical trespass, and no

real-time or prospective cell tower location information.    *Id.* at 505.    In *Davis*, the Court relied on

the SCA and governing Supreme Court precedent when it held the government's obtaining of a §

2703(d) court order for the production of non-content business records from MetroPCS did not

violate the Fourth Amendment.    *Id.* at 511.    Despite the SCA's protection, Letellier, like the

defendant in *Davis*, claims the court's § 2703(d) order compelling the production of Sprint records

violated his Fourth Amendment rights.    To prevail on his Fourth Amendment claim, Letellier,

must show both (1) that the application of the SCA to the facts of his case involved a "search" within the meaning of the Fourth Amendment, and (2) that such search was unreasonable.   This Letellier, like the defendant in *Davis*, cannot do.   *Id.* at 506.

In the Fifth Circuit, the Court similarly held that there was no Fourth Amendment violation and no search warrant needed for a court order that was issued under § 2703(d) compelling production of business records –showing cell tower location information.   *See Davis* at 509 (citing *In re Application of the United States for Historical Cell Site Data*, 724 F.3d 600, 611 (5th Cir. 2013)).   There, the Court stressed that the telephone company, and not the government, collected the cell tower location information in the first instance and for a variety of legitimate business purposes.   There, the Fifth Circuit relied on *Smith* and explained why the cell user had no subjective expectation of privacy in such business records showing cell tower locations.   *Id*. at 613-14.   In the end, the Fifth Circuit determined: (1) "Congress has crafted such a legislative solution in the SCA," and (2) the SCA "conforms to existing Supreme Court Fourth Amendment precedent."   *Davis* at 510 (citing *In re Application of the United States for Historical Cell Site Data*, 724 F.3d 600, 615 (5th Cir. 2013)); *See also In re Application (Third Circuit),* 620 F.3d at 319 ("The considerations for and against [§ 2703(d) orders not requiring a warrant] would be for Congress to balance.   A court is not the appropriate forum for such balancing, and we decline to take a step as to which Congress is silent.").   Accordingly, this Court should conclude that the SCA did not intrude upon defendant's Fourth Amendment rights.

Instead of focusing on the SCA and *Smith*, defendant Letellier, like *Davis*, ignores controlling law and relies on the decision in *United States v. Jones,* 565 U.S. __, __,132 S. Ct. 945 (2012).   His reliance is misplaced as that case is clearly distinguished from the instant case.   In *Jones*, government agents attached a Global-Positioning-System ("GPS") tracking devise to a car

9

used by the defendant and subsequently tracked his movement for the next 28 days. The Supreme Court held that the warrantless placement of a GPS tracking devise on the defendant's vehicle and use of it to monitor the vehicle's movements on public streets constituted a "search" under the Fourth Amendment.   *Id*. at 949.   Significantly, the government-initiated physical trespass in Jones led to constant and real-time GPS tracking of the precise location of the defendant's vehicle. *See Davis* at 513 citing *United States v. Jones*, 132 S. Ct. at 948.   The Court held the actions by the government violated the Fourth Amendment, but the justices were divided as to how they reached that result.   The majority holding in *Jones* turned on the physical intrusion of the government placing a GPS devise on a private vehicle.   *See Davis* at 514 (citing *Jones* at 949.)

That was not the case in *Davis* and is likewise not the case here.   Here, the government's obtaining Sprint records that show historical cell tower locations did not involve a physical intrusion on private property or a search at all.   The records belonged to a private company, not to Letellier and they were obtained by a court order authorized by a federal statute, not by means of governmental trespass.   First, historical cell tower location data is not the equivalent of GPS and is "materially distinguishable from the precise, real-time GPS tracking in Jones, even setting aside the controlling third-party doctrine." *See Davis* at 515.   Second, "reasonable expectations of privacy under the Fourth Amendment do not turn on the quantity of non-content information MetroPCS collected in its historical cell tower location records."   *Id.*   Like *Davis*, defendant Letellier has no reasonable expectation of privacy in the type of non-content dates collected in the historical cell tower records at issue.   In sum, *Jones* is wholly inapplicable to this case.   The Court in *Davis* made this determination and this Court should likewise make the same determination. *See Davis* at 514.

Defendant also relies on the decision in *Riley v. California*, 134 U. Ct. 2473 (2014).   His reliance there is also misplaced.   In *Riley*, the Court held that officers must have a warrant before they can examine the contents of a cell phone.   By contrast, in the instant case, the government properly sought a § 2703(d) order to obtain non-content historical cell-site information.

**The Fourth Amendment sets a reasonableness standard, not a probable cause standard, for compelled disclosure**

Defendant's Fourth Amendment argument presumes that the government may not compel disclosure of cell-site location data unless it obtains a judicial finding of probable cause and legal process that satisfies the Fourth Amendment's particularity requirement. Defendant is wrong. Compelled disclosure is judged under a reasonableness standard, not a probable cause standard, and is not subject to the Warrant Clause's particularity requirement. Accordingly, defendant cannot succeed on his argument that the government needed to establish probable cause and satisfy the particularity requirement in order to compel disclosure of cell-site location data from his cell phone.

By its terms, the Fourth Amendment protects people against unreasonable searches and seizures, but it imposes a probable cause requirement only on the issuance of warrants. *See* U.S. Const. amend IV ("and no Warrants shall issue, but upon probable cause").   The Supreme Court has affirmed for the past 100 years that compelled disclosure under the Fourth Amendment is subject to a reasonableness standard, not a probable cause standard. For example, in *Wilson v. United States*, 221 U.S. 361, 376 (1911), the Court held that "there is no unreasonable search and seizure when a [subpoena], suitably specific and properly limited in its scope, calls for the production of documents which, as against their lawful owner to whom the writ is directed, the party procuring its issuance is entitled to have produced." *See also Oklahoma Press Publishing*

*Co.*, 327 U.S. at 208 ("[T]he Fourth [Amendment], if applicable [to a subpoena], at the most guards against abuse only by way of too much indefiniteness or breadth in the things required to be 'particularly described,' if also the inquiry is one the demanding agency is authorized by law to make and the materials specified are relevant. The gist of the protection is in the requirement, expressed in terms, that the disclosure sought shall not be unreasonable."); *Donovan v. Lone Steer, Inc.*, 464 U.S. 408, 413-15 (1984).

A § 2703(d) order is issued by a court on a finding that the government has offered "specific and articulable facts showing that there are reasonable grounds to believe that the [information sought is] relevant and material to an ongoing criminal investigation," 18 U.S.C. § 2703(d), and it is otherwise served and executed in the same manner as a subpoena. Like a subpoena, a § 2703(d) order is a form of compelled disclosure that is not effected by force or the threat of force.   A § 2703(d) order functions as a judicial subpoena but one which incorporates additional privacy protections that keep any intrusion minimal. *See Davis* at 517.

"The Fourth Amendment requires that the subpoena be sufficiently limited in scope, relevant in purpose, and specific in directive so that compliance will not be unreasonably burdensome." *See SEC v. Arthur Young & Co.*, 584 F.2d 1018 (D.C. Cir. 1978), at 1024 (quoting *See v. City of Seattle*, 387 U.S. 541, 544 (1967)). It further explained that "[t]he federal courts stand guard, of course, against abuses of their subpoena-enforcement processes but constitutional mandates aside, '[t]he gist of the protection is in the requirement, expressed in terms, that the disclosure sought shall not be unreasonable.'" *Id.* (footnotes omitted) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 652-53 (1950) (quoting *Oklahoma Press Publishing Co.*, 327 U.S. 186, 208 (1946)). At no point did the court suggest that the Fourth Amendment imposed a probable cause requirement, rather than a reasonableness standard, on subpoenas. *See United States v. Time*

12

*Warner, Inc.*, No. MISC.A. 94-338(HHG), 1997 WL 118413, at *2 (D.D.C. Jan. 22, 1997) (noting that a showing of probable cause is not required for enforcement of an administrative subpoena).

Here, a Court order issued pursuant to § 2703(d) would satisfy these requirements. Section 2703(d) orders are sufficiently limited in scope, relevant in purpose, and specific in directive because they are issued only when a court finds that there are "reasonable grounds to believe that the [information sought is] relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d).   Thus, § 2703(d) orders comport with the Fourth Amendment.   A traditional balancing of interests amply supports the reasonableness of the § 2703(d) order at issue here.   *See Davis* at 518.

Letellier's cell site information was not obtained or seized "outside the judicial process, without prior approval by a judge or magistrate." *See Davis* at 521 (concurring opinion) citing *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971).   *Cf. Johnson v. United States*, 333 U.S. 10, 13-14 (1948) (noting that the Fourth Amendment's "protection consists in requiring that . . . inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime").   Here, the government secured the cell site records under a provision of the SCA.   And that provision requires a magistrate judge –a neutral judicial officer – to review an application and determine whether the government has offered "specific and articulable facts showing that there are reasonable grounds to believe that the [cell cite location information] sought [is] relevant and material to an ongoing criminal investigation."   18 U.S.C. § 2703(d).   Significantly, "there is a strong presumption of constitutionality due to an Act of Congress, especially when it turns on what is 'reasonable[,]'" *United States v. Watson*, 423 U.S. 411, 416 91976) (citation and some internal punctuation omitted), and this strong presumption attaches to § 2703(d).

13

Therefore, the magistrate judges' order, which authorized the government to obtain the cell site information, satisfied the reasonableness requirement of the Fourth Amendment.   *See Davis* at 523 (citing *Camara v. Mun. Court of City & Cnty. of S.F.,* 387 U.S. 523, 528 (1967)). Moreover, the temporal scope of the request contained in the § 2703(d) application was reasonable.   The government sought cell site information from June, 2013 (when Minor A, also referred to as "Minor 1") and Letellier first started communicating on line) through October 3, 2013 (the date of Letellier's arrest on the federal complaint).   This covers a little more than a four month period.

In the application, the government related that on October 3, 2013, a federal search warrant was issued in the District of Maine for the defendant's residence located at 50 Simpson Road, Saco, Maine.   Numerous items were seized pursuant to that search warrant including the defendant's cell phone.   Sometime later that month, law enforcement conducted a preliminary forensic review of Letellier's cell phone that was lawfully seized pursuant to the search warrant and the view identified other possible minor victims of coercion who associated with and communicated with Letellier.   The application went on to provide the magistrate judge with a sample text conversation between Letellier and a minor identified in the application as "Minor2"[2] and the date of those text conversations (i.e., October 1st and 2nd, 2013).   *See ¶¶ 37-38 of § 2703(d) Application.*   In its application the government sufficiently explained that the historical cell-site information sought was:

> "relevant and material to the ongoing investigation because the use of specific cell phone towers by the target telephone will provide law enforcement agents with a general geographic location of the target telephone.   This information will aid law enforcement agents in locating the residential address of the person in possession of the target telephone during the time period for which records are requested.   Additionally, the requested

---

[2] "Minor 2" is referred to in the Superseding Indictment "Minor B".

information will aid agents in confirming the identity of the person who utilized the phone during the time period in question.   Finally, information regarding the approximate locations of the target telephone will reveal patterns of activity and time of travel to specific locations."   *See p. 16 of § 2703(d) Application.*

**The Fourth Amendment's reasonableness standard governs compelled disclosure from a third party**

In this case, the government compelled disclosure from a third party, namely Sprint, rather than from defendant directly. However, this fact does not aid defendant's Fourth Amendment argument as the Fourth Amendment's reasonableness standard (rather than probable cause) applies equally to situations where the government compels disclosure of information held by parties who are not themselves the subject of an investigation. *See, e.g.*, *United States v. Phibbs*, 999 F.2d 1053, 1076-77 (6th Cir. 1993) (applying reasonableness standard, rather than probable cause, when evaluating a defendant's challenge to a third-party subpoena). Indeed, in *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735 (1984), the Supreme Court even held that the target of an investigation had no right to notice under the Fourth Amendment of a subpoena directed at a third party. *Id.* at 743. The Court cited the basic principle that "when a person communicates information to a third party even on the understanding that the communication is confidential, he cannot object if the third party conveys that information or records thereof to law enforcement authorities." *Id.* In rejecting a notice requirement for third-party subpoenas, the Court explained that such a requirement "would substantially increase the ability of persons who have something to hide to impede legitimate investigations." *Id.* at 750.   Courts have also rejected challenges to compelled disclosure of documents held by third parties. *See Schwimmer v. United States*, 232 F.2d 855, 861-863 (8th Cir. 1956); s*ee also United States v. Barr*, 605 F. Supp. 114, 119 (S.D.N.Y. 1985) (upholding a subpoena without notice to target compelling disclosure of unopened mail from a third-party service that received and held mail on behalf of the defendant).

15

Critically, the constitutionality of a third-party subpoena turns on its reasonableness, not on whether the target has a reasonable expectation of privacy in the subpoenaed items.   For example, in *United States v. Palmer*, 536 F.2d 1278 (9th Cir. 1976), an attorney had received the contents of a car and disclosed those items in response to a subpoena. *Id.* At 1281.   The defendant in Palmer claimed a reasonable expectation of privacy in the subpoenaed items, which the attorney had received for purposes of shipping on behalf of the defendant. *Id.* at 1281-82. The Ninth Circuit rejected Palmer's suppression motion because the subpoena was reasonable under the Fourth Amendment, and it therefore did not matter whether Palmer retained a reasonable expectation of privacy: "We do not explore the issue of a reasonable expectation of privacy, however, because the use of a properly limited subpoena does not constitute an unreasonable search and seizure under the Fourth Amendment." *Id.* at 1281-82.

### THE ALLEGED UNCONSTITUTIONALITY OF THE SCA IS NOT A BASIS FOR SUPPRESSION BECAUSE THE GOVERNMENT'S RELIANCE ON THE STATUTE WAS OBJECTIVELY REASONABLE

Defendant's suppression argument impliedly assumes, incorrectly, that the Fourth Amendment exclusionary rule would apply if this Court determines that the SCA is unconstitutional.   In fact, the United States Supreme Court rejected this basic premise in *Illinois v. Krull*, 480 U.S. 340 (1987),[3] which held that the exclusionary rule should not be applied to suppress evidence obtained by an officer who acted in objectively reasonable reliance on a statute that is later determined to be unconstitutional. *Id.* at 349-50.   Because the SCA is not clearly unconstitutional, it was reasonable for the government to rely on the SCA in this case, and the Court should therefore reject defendant's argument that the historical cell-site location data should

---

[3] In *Krull*, the United States Supreme Court extended the good faith exception to the exclusionary rule to warrantless searches based upon statutes later declared unconstitutional.

be suppressed because of the SCA's supposed unconstitutionality.   Here, the fact that the Order

was in fact issued by a neutral magistrate further demonstrates that they were not clearly

unconstitutional and that the government's reliance on it was not unreasonable.   *See, e.g.*, *United*

*States v. Leon*, 468 U.S. 897, 916, 921 (1984) (officer is entitled to rely on legal judgment of

magistrate issuing warrant).

In *Krull*, the Supreme Court held that evidence should not be suppressed if it was obtained

by an officer who acted in objectively reasonable reliance on a statute that was later declared to be

unconstitutional. 480 U.S. at 349-50.   In reaching this conclusion, the Court reasoned that

"[u]nless a statute is clearly unconstitutional, an officer cannot be expected to question the

judgment of the legislature that passed the law." *Id.*   This Court may conclude that the

government's reliance on the SCA was objectively reasonable without actually deciding whether

the SCA was constitutional. *See Krull* at 357 n.13.

Thus, this Court's review of defendant's constitutional challenge to the SCA should be

limited to an evaluation of whether the government's reliance on the SCA was not objectively

reasonable – i.e., whether the SCA is so "clearly unconstitutional" that law enforcement officers

could not in good faith have relied on it. *See United States v. Stowe*, 100 F.3d 494, 498 (7th Cir.

1996) (conducting only a "cursory review" of Illinois no-knock statute to determine whether it was

clearly unconstitutional). In essence, the relevant inquiry is whether the statute was "so facially

deficient that authorities could not reasonably have presumed it to be constitutional." *Stowe*, 100

F.3d at 498 (citing *Leon*, 468 U.S. at 923). The SCA does not come close to meeting this standard.

It was objectively reasonable for the government to rely on § 2703(d) to obtain the

historical cell-site location data because nothing in the SCA's provisions suggests that "a

reasonable officer should have known that the statute was unconstitutional." *See Krull*, 480 U.S. at

17

355.   A hundred years of Supreme Court precedent holds that compelled disclosure is permitted under the Fourth Amendment subject only to a reasonableness requirement, not a probable cause standard. *See, e.g., Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 208 (1946) ("[T]he Fourth [Amendment], if applicable [to a subpoena], at the most guards against abuse only by way of too much indefiniteness or breadth in the things required to be 'particularly described,' if also the inquiry is one the demanding agency is authorized by law to make and the materials specified are relevant. The gist of the protection is in the requirement, expressed in terms, that the disclosure sought shall not be unreasonable."). The reasonableness requirement also applies when the compulsory process is directed to a third party rather than the target of the investigation. *See, e.g., SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 743 (1984) (finding that Fourth Amendment does not entitle targets of an investigation to notice of subpoenas issued to third parties).

The Fourth Amendment prohibits unreasonable searches, not warrantless searches.   *See Davis* at 516.   As the text of the Fourth Amendment indicates, the ultimate measure of the constitutionality of a governmental search is "reasonableness."   *Davis* at 516, citing *Fernandez v. California,* 571 U.S. __, __, 134 S. Ct. 1126, 1132 (2014).   "[A] warrant is not required to establish the reasonableness of <u>all</u> government searches; and when a warrant is not required (and the Warrant Clause therefore not applicable), probable cause is not invariably required either." *Vernonia Sch. Dis. 47J v. Acton*, 515 U.S. 646, 653, 115 S. Ct. 2386, 2390-91 (1995).   In addition, "there is a strong presumption of constitutionality due to an Act of Congress, especially when it turns on what is 'reasonable'" within the meaning of the Fourth Amendment.   *See Davis* at 517 (citing *United States v. Watson*, 423 U.S. 411, 416, 96 S. Ct. 820, 824 (1976) (internal quotation marks omitted).   Letellier, like *Davis*, had no reasonable expectation of privacy in business records made, kept, and owned by [Sprint].   *See Davis* at 517.

18

In addition, there is a "strong presumption of constitutionality" to federal statutes challenged on Fourth Amendment grounds. *United States v. Watson*, 423 U.S. 411, 416 (1976).[4] Under these circumstances, there is no reason for a reasonable officer to have suspected – much less known – that the SCA was unconstitutional, and therefore the good faith exception to the exclusionary rule should apply.

### DEFENDANT HAS NOT SHOWN A VIOLATION OF THE SCA THAT JUSTIFIES SUPPRESSION

The SCA does not provide a suppression remedy and the facts set forth in the Application gave the Magistrate Judge a substantial basis for finding the requisite "reasonable grounds." The law is unequivocal that the SCA does not provide a suppression remedy. *See* 18 U.S.C. § 2708 ("The [damages] remedies and sanctions described in this chapter are the only judicial remedies and sanctions for non-constitutional violations of this chapter."); *United States v. Smith*, 155 F.3d 1051, 1056 (9th Cir. 1998) ("the Stored Communications Act expressly rules out exclusion as a remedy"); *United States v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) ("[S]uppression is not a remedy contemplated under the ECPA."); *United States v. Reyes*, 922 F. Supp. 818, 837-38 (S.D.N.Y. 1996) ("Exclusion of the evidence is not an available remedy for this violation of the ECPA. . . . The remedy for violation of [18 U.S.C. § 2701-11] lies in a civil action."). Accordingly, although the government does not concede this argument, even if defendant were correct that the Order violated 18 U.S.C. § 2703(d) because the Application failed to set forth "reasonable grounds," that argument cannot sustain a motion to suppress.   Non-constitutional violations of SCA or of ECPA do not result in suppression of evidence.

---

[4] Additionally, although the Court in *Warshak* found the government violated the defendant's Fourth Amendment rights by compelling the Internet Service Provider ("ISP") to turn over the contents of his emails, because the government relied in good faith on the SCA, the Court held that reversal was unwarranted.

Moreover, even assuming *arguendo* that a suppression remedy were available for the type of § 2703(d) violation that defendant alleges, defendant has failed to show that any such violation occurred.   As noted above, the Magistrate Judge found that the Application demonstrated the "reasonable grounds" required for a § 2703(d) order. This determination should receive at least the same deference that is afforded to a Magistrate Judge's probable cause determination. Accordingly, this Court simply needs to ensure that the Magistrate Judge had a "substantial basis" for concluding that reasonable grounds existed. *See Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (explaining the standard for reviewing a magistrate judge's probable cause determination).   That has clearly been demonstrated here.

## IV.   CONCLUSION

For the reasons set forth above, the defendant has failed to show that any suppression is warranted.   As such, the United States respectfully requests that the defendant's motion to suppress be denied.

Respectfully submitted,
CARMEN M. ORTIZ
United States Attorney

By:     s/ Suzanne Sullivan Jacobus
Suzanne Sullivan Jacobus
Assistant U.S. Attorney

Dated: June 18, 2015

CERTIFICATE OF SERVICE
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

s/ Suzanne Sullivan Jacobus
Suzanne Sullivan Jacobus
Assistant U.S. Attorney