UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO.13-CR-10309-GAO |
| v. ) | |
| ) | |
| DILLAN LETELLIER, ) | |
| Defendant. ) | |

**GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS CELL-SITE LOCATION DATA**

The United States of America, by and through undersigned counsel, submits this Supplemental Opposition to Defendant's Motion to Suppress Cell-Site Location Data (*see* docket entry # 68).[1] As indicated in its original opposition to defendant's motion to suppress, the question currently before the Court is whether Defendant's constitutional right under the Fourth Amendment to be free from an unreasonable government search was violated when law enforcement obtained a court order under 18 U.S.C. § 2703(d) to obtain non-content information, including historical cell-site data, relating to the defendant's lawfully seized cellular telephone number ending in "3578." The answer remains no. The historical cell-site location data was lawfully obtained and comports with applicable Fourth Amendment jurisprudence.

At a hearing held on August 11, 2015, recently decided non-controlling cases from other districts were brought to the Court's attention. As such, the Court allowed the parties an opportunity to submit additional briefs. At the hearing, in support of his motion to suppress counsel for the defendant provided the Court with a copy of *In Re: Application for Telephone*

---

[1] On June 18, 2015, the government filed its opposition to defendant's motion to suppress which is incorporated by reference herein (*see* docket entry #73). On August 11, 2015, the Court heard brief oral arguments on the motion to suppress. The Court then continued the hearing and set a date of September 9, 2015, for any supplemental filing and a date of September 22, 2015 for further oral arguments. On September 9, 2015, the government filed a motion for an extension to file until September 16, 2015. Said motion was allowed.

1

*Information Needed For a Criminal Investigation,* (Northern District of California, July 29, 2015), and also cited to a separate District Court decision out of the Northern District of California. *See United States v. Cooper*, 130693, 2015 WL 881578, 2015 U.S. Dist. LEXIS 25935 (N.D. Cal. March 2, 2105). In the *In Re: Application for Telephone Information Needed For a Criminal Investigation* decision, the District Court Judge for the Northern District of California held that a warrant is required before the government obtains historical cell-site data but went on to say that it may be that historical cell site data acquired without a warrant is admissible at trial under the exclusionary rule's good faith exception.[2] However, there the District Court judge noted "[i]mportantly, the Court is not holding that [*United States v.*] *Miller* [425 U.S. 435 (1976)] and *Smith* [*v. Maryland,* 442 U.S. 735 (1979)] are no longer good law. Only the U.S. Supreme Court may do so." (*see* p. 28).[3]

In *Cooper*, although the District Court Judge held the Fourth Amendment required the government to secure a warrant supported by probable cause before obtaining historical cell-site information, the District Judge denied the defendant's motion to suppress after determining that the good faith exception enunciated in *Leon*, 468 U.S. 897 (1984) applied. *Cooper* involved wiretaps where prospective (or "real-time") cell-site data was obtained through the installation of a pen register and trap and trace devise as well as historical cell site evidence.[4] There the District Court Judge stated that the government's position – which has been coined the "hybrid theory" by other courts – was that it may simultaneously rely on provisions of Title III of the Electronic

---

[2] At the oral argument held on August 11, 2015, in this case, there was counsel for the defendant indicated that the government acted in good faith. As such, under the principles outlined in *United States v. Leon*, 468 U.S. 897 (1984), the defendant's motion to suppress should be denied.

[3] As the government addressed the applicability of both *Miller* and *Smith* in its original opposition it does not do so herein.

[4] In *Cooper*, there is no indication that an application pursuant to 18 U.S.C. § 2703(d) was sought. Rather, the government sought multiple wiretaps. Thereafter, the government sought pen registers and trap and trace devices pursuant to 18 U.S.C. § 3123.

Communications Privacy Act (or the "Pen Statute'"), and the Stored Communications Act ("SCA") to obtain real time cell site data on the lower showing of "specific and articulable facts" (which is the standard under the provisions of 18 U.S.C § 2703(d)). *See Cooper* at p.3. The District Court Judge rejected that argument.

The applicable statute for obtaining prospective cell-site data is 18 U.S.C. § 3123 ("Pen Statute") whereas the applicable statute for obtaining prospective cell-site data is 18 U.S.C. § 2703(d). Each statute has different requirements. There are distinctions between the SCA and other provisions of the Pen Statute including, but not limited to, the following: "Wiretap orders authorize a maximum surveillance period of 30 days . . . Pen trap orders authorize the installation and use of a pen register for a period "not to exceed sixty days." 18 USC § 3123(c)(1). By contrast, Congress imposed no duration period for § 2703(d) orders. Likewise, Congress expressly provided that both wiretap orders and pen/trap orders may be extended by the court for a limited period of time. 18 U.SC. §§ 2518(5), 3123(c)(2). There is no similar provision for extending § 2703(d) orders . . . " *Id.* at 5. "The cumulative weight of these distinctions shows Congress's intent that the SCA was to be used as a means to obtain data which has already been stored at the time the government seeks to obtain it." *Id*. In the present case, the § 2703(d) order is what is being challenged. *Cooper* is distinguishable from the instant case and the defendant's reliance on *Cooper* is misplaced.

Of note, in *Cooper*, in allowing the motion to suppress the District Court Judge relied on the lower court's decision in *United States v. Davis*, 754 F.3d 1205, 1215 (11th Cir.), vacated pending reh'g en banc, 573 Fed. Appx. 925 (11th Cir, 2014), that the Fourth Amendment requires a warrant to obtain cell-site historical data. However, that decision was later vacated. *See United States v. Davis,* 785 F.3d 498 (11th Cir. May 5, 2015). The exact issue raised by Defendant

relative to historical cell-site records was decided by the Eleventh Circuit in *Davis* and although not controlling, the facts in the instant case mirror those in *Davis*.

At the oral argument in this case, the government informed the Court of another recent decision, *United States v. Graham*, _ F.3d _ (4th Cir. Aug 5, 2015), which held that a warrant is required to obtain historical cell-site records. The *Graham* Court however rejected suppression as a remedy based on good faith. That decision creates a circuit split with *United States v. Davis*, and *In re Application*, 724 F.3d 600 (5th Cir. 2013)("the default rule remains that the judicial officer 'shall issue' an order when the government meets its burden [i.e., of specific and articulable facts under § 2703(d)]"). The Fifth Circuit in *In re Application* held that where a third party collects information in the first instance for its own purposes, the Government can obtain this information later with a § 2703(d) order, just as it can subpoena other records of a private entity. *Id*. at 610. "Cell site data are business records and should be analyzed under that line of Supreme Court precedent…[m]oreover, as long as the Government meets the statutory requirements, the SCA does not give the magistrate judge discretion to deny the Government's application for such an order." *Id*. at 613.

The government today also cites *United States v. Epstein*, 2015 WL 1646838 (D. New Jersey, April 14, 2015), where the District Court Judge denied a motion to suppress historical cell-site data obtained pursuant to an application under 18 U.S.C. § 2703(d). The District Court Judge did not find the decision in *Cooper* to be persuasive and declined to follow it. The District Court Judge further determined that even if the current standard under § 2703(d) was unconstitutional, the cell site evidence at issue would still be admissible under the good faith exception pursuant to *Leon*. In *Epstein*, like Defendant, the defendant relied upon the decisions in *Riley v. California*, - U.S.-, 134 S.Ct. 2473 (2014) and *United States v. Jones*, - U.S. -, 132 S.Ct.

4

945 (2012). The District Court Judge rejected that reliance and determined that "[s]imply put, *Riley* did not address the constitutionality of utilizing § 2703(d) to obtain historical cell site location data from third-party cell phone providers." *See Epstein* at p.2. The District Court Judge further stated that "[it does] not find that the Supreme Court's decision in *U.S. v. Jones* probative in [it's] analysis here." *Id.* at p.2. The District Judge reasoned that *Jones* and *Riley* were distinguishable because the facts in *Epstein* did not concern the search or seizure of a cell phone, or the content of any communication. Rather, the subscriber information provided by the third party cell phone service providers was cell site location data from their historical databases. The District Judge went on to state that the data was business records created and maintained by the service providers which are not entitled to protection under defendant's Fourth Amendment rights. *See Epstein* at p. 3; citing *Smith*, 442 U.S. at 742 (finding that a pen register installed on telephone company property to record the telephone numbers dialed by the defendant did not constitute a search within the meaning of the Fourth Amendment, because the defendant did not have a reasonable expectation of privacy regarding the number dialed on his phone; a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.). The District Court Judge stated that a vast majority of the courts across the country have taken the same view and have upheld the constitutionality of § 2703(d). *See, e.g. U.S. v. Dorsey*, No 14-328, 2015 U.S. Dist. LEXIS 23693, *22-23, 2015 WL 847395 (C.D. Cal. Feb. 23, 2015); *U.S. v. Martinez*, No. 13-3560, 2014 U.S. Dist. LEXIS 153485, 2014 WL 5480686 (S.D. Cal. Oct. 28,2014); *U.S. v. Moreno-Nevarez*, No. 13-0841, 2013 U.S. Dist. LEXIS 143900, 2013 WL 5631017 (S.D. Cal. Oct. 2, 2013)(upholding the constitutionality of § 2703(d) and nothing that "even if the statute were to be held unconstitutional, the good faith exception to the warrant requirement would apply"); *U.S. v. Salas*, No 11-0354, 2013 U.S. Dist. LEXIS 116551, 2013 WL

4459858 (E.D. Cal. Aug 16, 2013) ("With regard to the argument applying the …Fourth Amendment to cell site location information, there is no reasonable expectation of privacy since such records are in the hands of third parties."); *U.S. v. Rigmaiden*, No. 08-814, 2013 U.S. Dist. LEXIS 65633, 2013 WL 1932800 (D. Ariz. May 8, 2013) ("Courts have rejected …arguments that historical cell-site records cannot be obtained under the SCA."); *U.S. v. Ruby*, No. 12-1073, 2013 U.S. Dist. LEXIS 18997, 2013 WL 544888 (S.D. Cal. Feb. 12, 2013) (similar): *U.S. v. Davis*, No. 10-339, 2011 U.S. Dist. LEXIS 56002, 2011 WL 2036463 (D. Or. May 24, 2011) ("It is well established that a reasonable expectation of privacy extends only to the content of telephone conversations, not to records that indicate that the conversations occurred. Basic subscriber data which identifies a call's origination, destination, duration, and time of call enjoy no privacy protection because the data is incidental to the use of the telephone, and contains no content information." (citations omitted)); *U.S. v. Herevia*, No. 13-639, 2014 U.S. Dist. LEXIS 133142, 2014 WL 4784321 (D. Md. Sep. 23, 2014); *U.S. v. Rogers*, No. 13-952, 2014 U.S. Dist. LEXIS 145980, 2014 WL 5152543 (N.D. Ill. Oct. 9, 2014) (notwithstanding *Riley* and *Jones*, "an individual user has no reasonable expectation of privacy in" CSLI, and therefore, "it is unnecessary for the government to obtain a search warrant."). *See Epstein* at pp. 2-3. This Court should likewise deny the defendant's motion to suppress.

Respectfully submitted,
CARMEN M. ORTIZ
United States Attorney

By: /s/ Suzanne Sullivan Jacobus
Suzanne Sullivan Jacobus
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                       /s/ Suzanne Sullivan Jacobus
                                       Suzanne Sullivan Jacobus
                                       Assistant U.S. Attorney

Dated: September 17, 2015