UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10309-GAO

UNITED STATES OF AMERICA,

v.

DILLAN LETELLIER,
Defendant.

OPINION AND ORDER
October 20, 2015

O'TOOLE, D.J.

On October 3, 2013, the defendant was arrested and his residence was searched pursuant to a federal search warrant. One item seized during the search was the defendant's cellular telephone. On November 26, the government filed an application pursuant to the Stored Communications Act, 18 U.S.C. § 2703(c)(1), (c)(2), and (d), to compel Sprint, a cellphone service provider, to disclose subscriber information, toll records, and historical cell-site location information ("CSLI") for the phone.[1] Magistrate Judge Hennessy granted the application that same day, finding that the applicant offered specific and articulable facts showing that there were reasonable grounds to believe that the records or other information sought were relevant and material to an ongoing criminal investigation. The order directed Sprint to disclose subscriber information, toll records, and historical CSLI from the time period June 2013 through October 3, 2013.

---

[1] With respect to historical CSLI, the application requested "all data pertaining to which 'cell towers' (i.e., antenna towers covering specific geographic areas) and 'sectors' (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the account." (Mot. to Suppress Cell-Site Location Data Ex. 1 (Attachment A to the Proposed Order) at 22 (dkt. no. 68-1).)

The defendant now moves to suppress all evidence seized pursuant to the order.

## I.       Statutory Framework

Title II of the Electronic Communications Privacy Act, the Stored Communications Act ("SCA"), governs requests for access to stored communications records, including historical cell-site data. See 18 U.S.C. § 2703. Section 2703(c) of the SCA addresses "[r]ecords concerning electronic communication service or remote computing service." Id. § 2703(c). The SCA permits the government to obtain a court order directing a provider to produce the historical CSLI such as is at issue in this case. Specifically, "[a] governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only" in certain enumerated circumstances, including in relevant part, "when the governmental entity . . . obtains a court order for such disclosure under subsection (d) of this section." Id. § 2703(c)(1)(B). A § 2703(d) order "may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records . . . are relevant and material to an ongoing criminal investigation." Id. § 2703(d). The standard is different from the showing required by the Fourth Amendment to obtain a search warrant. See U.S. Const. amend. IV ("no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized"); see also In re Application of the U.S. for an Order Directing a Provider of Elec. Comm'n Serv. to Disclose Records to the Gov't, 620 F.3d 304, 313-15 (3d Cir. 2010).

## II.       Discussion

The defendant argues essentially he had a reasonable expectation of privacy in his movement over the four-month period covered by the § 2703(d) order and that his Fourth Amendment rights were violated when the government obtained historical CSLI records pursuant to the § 2703(d) order for which it was not required to show probable cause.[2] In response, the government argues that the Fourth Amendment permits the government to use compelled disclosures to obtain this kind of information and that, in any event, the good-faith exception to the exclusionary rule precludes suppression of the information.

As to broad questions concerning whether cellular telephone users have a reasonable expectation of privacy in data about their historical movements such that the government's request for the information amounts to a "search" subject to the Fourth Amendment's warrant requirement, courts have divided on the answers. Compare, United States v. Graham, 796 F.3d 332, 344-45 (4th Cir. 2015), and In re Application for Tel. Info. Needed for a Criminal Investigation, No. 15-XR-90304-HRL-1(LHK), 2015 WL 4594558, at *12 (N.D. Cal. July 29, 2015), with United States v. Davis, 785 F.3d 498, 511-13 (11th Cir. 2015) (en banc), and In re Applications of U.S. for Orders Pursuant to Title 18, U.S. Code Section 2703(d), 509 F. Supp. 2d 76, 80-82 (D. Mass. 2007). The absence of consensus is unsurprising given the extraordinary evolution in cellular telephones since the passage of the SCA in 1986 both in terms of their ubiquity and of the volume of data about their users that they store and can reveal. We have come a long way from the chunky "brick" cellphones from days of yore.

---

[2] He does not contend that the government's application failed to meet the statutory standard for the issuance of the order or that the magistrate judge erroneously concluded that that standard was satisfied.

In this case, it is not necessary to reach the difficult question whether the Fourth Amendment applies to orders issued under the authority of § 2703(d). I agree with the government that even if the government's acquisition of the historical CSLI were to be ruled a violation of the defendant's Fourth Amendment rights, law enforcement officials nonetheless obtained those records in good-faith reliance on the SCA and on the § 2703(d) order issued by the magistrate judge.[3]

"When evidence is obtained in violation of Fourth Amendment, judicially developed exclusionary rule usually precludes its use in criminal proceeding against victim of illegal search and seizure." Illinois v. Krull, 480 U.S. 340, 347 (1987). Not all evidence obtained in violation of the Fourth Amendment is subject to exclusion, however, because the purpose of the exclusionary rule is to deter future unlawful police conduct and not to cure a violation of the defendant's constitutional rights. See id. For instance, evidence obtained by law enforcement personnel in objective good-faith reliance on a warrant issued by a detached and neutral magistrate is admissible even if the search warrant is ultimately found to have been improperly issued. United States v. Leon, 468 U.S. 897, 913 (1984). Similarly, evidence obtained by an officer whose reliance on a statute is objectively reasonable is not excluded even if the statute is subsequently invalidated. Krull, 480 U.S. at 349. In these circumstances, evidence is not suppressed because penalizing law enforcement officers for judicial or legislative errors does not deter law enforcement officers from committing Fourth Amendment violations. Krull, 480 U.S. at 349-50; Leon, 468 U.S. at 920-21.

---

[3] Moreover, prudence suggests judicial caution. "If the rapid development of technology has any implications for our interpretation of the Fourth Amendment, it militates in favor of judicial caution, because Congress, not the judiciary, has the institutional competence to evaluate complex and evolving technologies." Davis, 785 F.3d at 520 (Pryor, J., concurring). "In circumstances involving dramatic technological change, the best solution to privacy concerns may be legislative." United States v. Jones, --- U.S. ---, 132 S. Ct. 945, 964 (2012) (Alito, J., concurring).

Here, it was objectively reasonable for law enforcement officers to rely on the SCA's authority in applying for an order to obtain historical CSLI from Sprint. At the time that the application was submitted, the provisions of the SCA at issue were not "clearly unconstitutional." See Krull, 480 U.S. at 349-50 ("Unless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law."). While there was no controlling Supreme Court or First Circuit cases directly addressing the constitutionality of § 2703(d) at the time the order was sought, statutes are presumed to be constitutional. Id. at 351. Indeed, the limited case law in this district supported the conclusion that the SCA was constitutional and that a § 2703(d) order may be obtained without showing probable cause. See, e.g., In re Applications of U.S. for Orders, 509 F. Supp. 2d at 80-81 (reversing magistrate judge's opinion that historical CSLI may be obtained only pursuant to a warrant based on probable cause); In re Application of U.S. for an Order Pursuant to Title 18, U.S. Code, Section 2703(d) to Disclose Subscriber Info. & Cell Site Info., 849 F. Supp. 2d 177, 179 (D. Mass. 2012) (stating that "[u]ntil either the First Circuit Court of Appeals or the Supreme Court rule otherwise, or Congress enacts legislation dealing with the problem, the Court will follow the ruling" in In re Applications of U.S. for Orders, 509 F. Supp. 2d at 80-81, and "not require a showing of probable cause before issuing" a § 2703(d) order for historical CSLI). Although some out-of-circuit cases have called into question the constitutionality of the statute, other cases have taken the opposite view, and it cannot be said that the statute was "clearly unconstitutional" when application for the order was made. It was objectively reasonable for officers to rely on § 2703(d) to seek to obtain historical CSLI data of the defendant's telephone.

Second, to the extent that Leon extends to the government in this context, it was objectively reasonable for officers to rely on the magistrate judge's order. The magistrate judge applied the

5

correct standard under the SCA and found that the applicant had offered specific and articulable facts showing that there was reasonable grounds to believe that the records were relevant and material to an ongoing criminal investigation. <u>See</u> 18 U.S.C. § 2703(d). The application for the order was supported by information from the government containing grounds for suspicion. Further, there is no argument from the defendant that any carve outs to the good-faith exception apply, such as the magistrate judge having wholly abandoned his judicial role or the government having misled the magistrate judge in its application for an order. <u>See</u> <u>Leon</u>, 468 U.S. at 923. The government was entitled to rely on the legal judgment of a neutral magistrate.

In sum, the data collected pursuant to the § 2703(d) order by the government acting in reasonable reliance both on a statute that cannot be said to be "clearly unconstitutional" and an order by a neutral magistrate judge applying the proper legal standard is not subject to the exclusionary rule.

## III.   Conclusion

For the reasons set forth above, the defendant's Motion to Suppress Cell-Site Location Data (dkt. no. 68) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge