UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10309-GAO

UNITED STATES OF AMERICA,

v.

DILLAN LETELLIER,
Defendant.

OPINION AND ORDER
June 15, 2016

O'TOOLE, D.J.

The defendant, Dillan Letellier, stands indicted for two counts of coercion and enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b), one count of attempted coercion and enticement in violation of the same statute, three counts of interstate travel with intent to engage in illicit sexual activity in violation of 18 U.S.C. §2423(b), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Under each of the § 2422(b) counts, he faces a possible mandatory minimum sentence of 10 years imprisonment.

After Letellier was arrested on a criminal complaint charging him with one count of coercion and enticement, a detention hearing was held before then-Magistrate Judge Sorokin on October 22, 2013, at the conclusion of which Letellier was ordered detained pending trial. The magistrate judge thereafter summarized his conclusion in a written detention decision confirming his detention ruling. (See Order of Detention Pending Trial (November 1, 2013) (dkt. no. 20).) The indictment and superseding indictment were returned thereafter.

A transcript of the original detention hearing is unavailable.[1] However, the magistrate judge's short written decision is worth setting out in full:

> I find that credible testimony and information submitted at the hearing establishes by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community in light of the evidence of [the] defendant posing as a 17 year old when he was 28, meeting a 14 year old on a web site for teens, twice traveling from Maine to Massachusetts to have sex with her, and expressing an awareness of the illegality of his actions in the almost 2000 text messages the two exchanged during the three month period. The statutory presumption, [the] defendant's expressed interest in young girls including 12 year olds and his fabrication of a letter further support detention. The 10 year minimum, a spouse overseas and plane tickets to travel support a finding of risk of flight by a preponderance [of the evidence] despite his lifelong ties to Maine. I further incorporate herein my oral ruling of detention made at the conclusion of the hearing.

(Id.)

The defendant has recently moved to revoke the magistrate judge's detention order. See 18 U.S.C. § 3145(b). Both the defendant and the government briefed the issue, and the Court heard argument on June 8, 2016.

## I.     Relevant Facts

The principal offenses charged arise from the defendant's alleged contacts with two minor girls. According to the government's allegations, during the relevant time periods, Minor A and Minor B were both fourteen years old, and the defendant was twenty-eight or twenty-nine.

The government alleges the following: The defendant first began communicating with Minor A on a website called Teenspot.com that purports to be directed towards teenagers. The defendant's profile on the website stated that he was seventeen years old. Minor A's profile had her accurate age.

---

[1] Both the defendant and the government confirm that the audio recording is unintelligible.

After initiating contact with Minor A, the defendant began communicating with her via email and text messaging. This communication continued throughout several weeks during the summer of 2013. On two occasions, the defendant drove from his home in Maine to Minor A's home town in Massachusetts, convinced her to leave her house, and had sexual intercourse with her.

It is further alleged that the defendant concocted a ruse in order to try to bring Minor A to Maine over the Labor Day weekend by drafting a convincing set of fake documents purporting to be from a youth sports organization that invited Minor A to Maine for a free weekend of sports training. However, after reviewing Minor A's email, text messages, and social media accounts, Minor A's parents discovered the nature of her relationship with the defendant and brought that information to the police.

The government further alleges that the defendant engaged in a similar course of conduct with Minor B, but over the span of only a couple of days rather than several weeks. The charge of child pornography stems from sexually explicit images of children allegedly seized from the defendant's electronic devices pursuant to a search warrant executed on the date of the defendant's arrest.

During the relevant time periods, the defendant was living with his mother in Saco, Maine. He was then and remains currently married. His wife is a citizen of the Dominican Republic who has gained lawful permanent resident status in the United States and now lives with the defendant's mother. Prior to his arrest, the defendant had worked at a local pizzeria. At the time of the defendant's arrest on the complaint, he was planning to depart with his wife that day or the next for the Dominican Republic and had plane tickets for that purpose in his possession.

In support of his motion for release from detention, the defendant has proposed conditions of release that include that he live in his mother's home in Saco, Maine, on twenty-four-hour-a-day home confinement with an electronic monitoring bracelet, that he and his wife surrender their passports, that there be no internet access within the home, and that the defendant have no contact with any person under the age of eighteen.

## II. Discussion

Review of a magistrate judge's detention order is *de novo*. See United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990). To support an order of detention, the government must prove by clear and convincing evidence that the defendant poses a danger to the community, or prove by a preponderance of the evidence that the defendant is a flight risk. See United States v. Patriarca, 948 F.2d 789, 792–93 (1st Cir. 1991); see also 18 U.S.C. § 3142(f)(2).

Because of the nature of the crimes for which the defendant is charged, there is a statutory presumption that no condition or combination of conditions will reasonably assure his appearance and the safety of the community if he is released. See 18 U.S.C. § 3142(e)(3)(E). The burden thus falls on the defendant to produce some evidence in rebuttal to the presumption. See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). While government bears the ultimate burden of persuasion, the presumption in favor of detention remains even after the defendant's production of evidence. See id.

Four statutory factors guide the detention analysis. See 18 U.S.C. § 3142(g). They are (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. Id.

The magistrate judge supportably found that the presumption that the defendant presented a risk to the safety of the community stood unrebutted. Since then, of course, the allegations of his criminal conduct have broadened. Nonetheless, I think there is a low likelihood that if released pending trial Letellier would present a risk of committing future crimes of the sort alleged in the indictment. The psychologist's report submitted on his behalf notes that the defendant's score on the Static 99R actuarial assessment of the likelihood of future sex offense is relatively low. (See Report of Psychological and Sexual Evaluation, at 9 (dkt. no. 109-1) [hereinafter Report].) Moreover, I think it likely that the defendant is aware that any future offense charged could very plausibly expose him on conviction to consecutive mandatory minimum sentences, and that awareness is likely to motivate him to avoid any conduct that might risk additional charges.

On the other hand, I come to the opposite conclusion regarding the risk of flight. The defendant has not successfully rebutted the statutory presumption, and the government has shown by a preponderance of the evidence that there is no combination of conditions that can reasonably assure the defendant's appearance as required. Most, if not all, of the statutory factors weigh against him. The crimes charged, involving minor victims, are very serious. As noted, the enticement charges, involving two separate victims, carry mandatory minimum sentences of ten years. See 18 U.S.C. § 2422(b). The weight of the evidence against the defendant also favors detention. The evidence presented suggests extensive and persistent contact between the defendant and Minor A and Minor B via text messaging, email, and other means, with substantial evidence supporting the proposition that it was indeed the defendant communicating with the minors through those channels.

The history and characteristics of the defendant is a mixed factor. While he has spent most of his life living in Saco, Maine, and most of his family lives there, his wife remains a citizen of

the Dominican Republic, and the defendant would have traveled there with her in October 2013 had he not been arrested. The government and the defendant characterize differently the nature and continuity of his employment, but the upshot is that he has little in the way of personal financial resources or economic ties to Maine. In addition, the proposed location for his residence on release is where he was living when he allegedly committed the charged offenses. He has no criminal history, but a psychological report submitted by the defendant supports a conclusion that his inappropriate sexual behavior has extended throughout his adult life. (See Report at 5–6, 10–11.)

What is more significant to me is that the activity charged in the superseding indictment indicates a person who is able and willing to manipulate others to his own benefit. The Report noted:

> The MDMI-III[2] profile of this man suggests that he attempts to maintain an image of cool strength, superiority and cockiness. Self-reliance, unsentimentality and independence of other people and obligations are likely to be viewed by him as worthy traits and goals.

(Report at 7.)

The Report also noted his apparent infidelity to his wife, whom he had only recently married. (Id. at 10.) These observations suggest that the defendant is less likely than some to be restrained by loyalty to others, including beloved family members.

The incentive to flee is strong. The availability of at least one plausible haven, his wife's native country, cannot be ignored, notwithstanding the practical obstacles that might impede success (such as the absence of valid travel documents). The reality is that electronic monitoring does not prevent flight; it simply reports it when it has occurred.

---

[2] Millon Clinical Multiaxial Inventory-III.

Taking the factors together, the government has met its burden of showing that no set of conditions will reasonably assure the defendant's appearance. The defendant has powerful reasons to flee and too few firmly binding him to Maine or to any release conditions imposed. The defendant has not provided evidence that overcomes the statutory presumption or that swings any of the statutory factors in the other direction.

The defendant's motion to revoke the order of detention (dkt. no. 99) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge