

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 26, 2016

Attorney J.W. Carney
20 Park Plaza, Suite 1405
Boston, MA 02116

    Re:    United States v. Dillan Letellier
           Criminal No. 13-10309-GAO

Dear Mr. Carney:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Dillan Letellier ("Defendant"), agree as follows with respect to the above-referenced case:

    1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to the seven counts in which he is named in the above-referenced Superseding Indictment: Counts One and Three: Coercion and Enticement of a Minor, in violation of 18 U.S.C § 2422(b); Count Two: Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b); Counts Four, Five and Six: Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b); and Count Seven: Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One through Seven of the Superseding Indictment, did so knowingly, and is in fact guilty of those offenses.

    2.    <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties on each count of the Superseding Indictment: Counts One, Two and Three, Coercion and Enticement of a Minor and Attempt: incarceration for a mandatory minimum of 10 years and a maximum of life, supervised release for a mandatory minimum of 5 years and a maximum of life, a fine of $250,000, a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Superseding Indictment; Counts Four, Five and Six, Travel with Intent to Engage

1

in Illicit Sexual Conduct: incarceration for a maximum of 30 years, supervised release for a mandatory minimum of 5 years and a maximum of life, a fine of $250,000, a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Superseding Indictment; and Count Seven, Possession of Child Pornography: incarceration for a maximum of 20 years, supervised release for a mandatory minimum of 5 years and a maximum of life, a fine of $250,000, a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Superseding Indictment.

Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. §2250.

3.     Fed. R. Crim. P. 11(c)(1)(C) Plea

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney may deem the Plea Agreement null and void. Defendant understands and acknowledges that he may not withdraw his plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

4.     Sentencing Guidelines

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows:

- in accordance with USSG §§ 3D1.2(b) and (c), Counts One, Two, Four, and Seven are grouped together, Group One, because Counts One, Two, and Four involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan, and Count Seven embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to Counts One, Two, and Four;

- in accordance with USSG § 3D1.2(b), Count Five is a separate group, Group Two, because it represents a different harm that cannot be considered part of Group One's composite harm;

- in accordance with USSG § 3D1.2(b), Counts Three and Six are grouped together, Group Three, because the counts involve the same victim and two

or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan;

- the adjusted offense level applicable to Group One is 36, because pursuant to USSG § 2G2.2(a)(1), Defendant's base offense level is 18 and that base offense level is increased by a total of 18 levels in accordance with USSG §§ 2G2.2(b)(2), 2G2.2(b)(4), 2G2.2(b)(5), 2G2.2(b)(6), and 2G2.2(b)(7);

- the adjusted offense level applicable to Group Two is 30, because pursuant to USSG § 2G1.3(a)(4), Defendant's base offense level is 24 and that base offense level is increased by a total of 6 levels in accordance with USSG §§ 2G1.3(b)(2)(A) and (B), 2G1.3(b)(3), and 2G1.3(b)(4)(A);

- the adjusted offense level applicable to Group Three is 34, because pursuant to USSG § 2G1.3(a)(3), Defendant's base offense level is 28 and that base offense level is increased by a total of 6 levels in accordance with USSG §§ 2G1.3(b)(2), 2G1.3(b)(3), and 2G1.3(b)(4)(A);

- the combined adjusted offense level is 39, because pursuant to USSG § 3D1.4, the offense level applicable to Group One, the Group with the highest offense level, is increased by three levels; and

- in accordance with USSG § 3E1.1, based on Defendant's acceptance of personal responsibility for the offenses of conviction in this case, the highest adjusted offense level is reduced by three.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

  (a) Fails to admit a complete factual basis for the plea;

  (b) Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

  (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

  (d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Plea Agreement; or

(j) Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

(a) incarceration for between 120 and 168 months;

(b) 5 years of supervised release;

(c) a mandatory special assessment of $700, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so);

(d) restitution in the amount of $2,400, payable to Minor A;

(e) forfeiture as set forth in Paragraph 7; and

(f) an order that Defendant shall have no contact directly or indirectly with the minor victims, identified as "Minor A" and "Minor B" in the Superseding Indictment, during the period of Defendant's incarceration and supervised release.

Within the sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory USSG and the factors set forth in 18 U.S.C. § 3553(a).

6. **Waiver of Right to Appeal and to Bring Future Challenge**

   (a)   Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

   (b)   Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise). The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge a sentence within the sentencing range (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241. Defendant also waives any right Defendant may have under 18 U.S.C. § 3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

   (c)   The U.S. Attorney agrees that she will not appeal the imposition by the Court of a sentence within the sentencing range agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

   (d)   Regardless of the previous subparagraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

7. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offenses, assets used to facilitate Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

The assets to be forfeited specifically include, without limitation, items seized from Defendant's residence on or about October 3, 2013, including, without limitation, the following:

a. Gateway PC with W/D 640GB HDD, bearing serial number XSY8621000394;

b. LACIE External Hard Drive with Samsung 250GB HDD, bearing serial number S08BJ1JL510215;

c. Dell Inspiron 1525 with W/D 120GB SATA HDD, bearing serial number C5LTVB1;

d. Hewlett Packard PC with W/D 20GB IDE HDD, bearing serial number CNC424OS8J;

e. XBox 360 with Fujistu 120GB HDD, bearing serial number NZ2XT76321WP;

f. Maxtor 40GB Hard Drive, bearing serial number E1J3ZOPE;

g. AT&T Sharp STX-2 cell phone (GSM) with SIM card, bearing serial number D03105014;

h. Acer laptop, with W/D 320GJ HDD, serial number LXPJD0222950054722000;

i. Sony PS2 Play System, bearing serial/service tag number AU0659482;

j. Virgin Mobile Kyocera C5155 Smartphone, bearing serial number 268435459915876498;

k. Cannon PowerShot Camera and (1) Blisscon Token with 4GB PNY SD card, bearing serial/service tag number 11206xxxxx62;

l. Miscellaneous DVDs, CDs, VHS tapes; and

m. two pairs of girl's underwear.

Defendant admits that these assets are subject to forfeiture on the grounds that they

6

contain at least one visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18; constitute or are traceable to gross profits or other proceeds obtained from such offenses; or were used or intended to be used to commit or promote the commission of such offenses or any property traceable to such offenses. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding. In addition, if the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from June, 2013 to the present. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney.

Defendant also agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Plea Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

9. Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil

liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

10. Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

11. Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

12. Who Is Bound By Plea Agreement

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. Complete Agreement

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Suzanne Sullivan Jacobus.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
Lori J. Holik
Chief, Major Crimes Unit

_____
Suzanne Sullivan Jacobus
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Plea Agreement is in my best interest.

_____
Dillan Letellier
Defendant

Date: 12/5/16

I certify that Dillan Letellier has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
J.W. Carney
Attorney for Defendant

Date: 12-5-2016