DEFENDANT:    DILLAN LETELLIER
CASE NUMBER: 1;13-CR-10309-GAO
DISTRICT:     Massachusetts

# STATEMENT OF REASONS
## (Not for Public Disclosure)
*Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.*

## I.   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A. ☑  **The court adopts the presentence investigation report without change.**

B. ☐  **The court adopts the presentence investigation report with the following changes.** *(Use Section VIII if necessary)*
   *(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report.)*

   1. ☐  **Chapter Two** of the United States Sentencing Commission **Guidelines Manual** determinations by court: *(briefly summarize the changes, including changes to base offense level, or specific offense characteristics)*

   2. ☐  **Chapter Three** of the United States Sentencing Commission **Guidelines Manual** determinations by court: *(briefly summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)*

   3. ☐  **Chapter Four** of the United States Sentencing Commission **Guidelines Manual** determinations by court: *(briefly summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations)*

   4. ☐  **Additional Comments or Findings:** *(include comments or factual findings concerning any information in the presentence report, including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions; any other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a court determination is unnecessary because the matter will not affect sentencing or the court will not consider it)*

C. ☐  **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**
   Applicable Sentencing Guideline: *(if more than one guideline applies, list the guideline producing the highest offense level)* _____

## II.   COURT FINDING ON MANDATORY MINIMUM SENTENCE *(Check all that apply)*

A. ☑  One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term.

B. ☐  One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum term does not apply based on:

   ☐   findings of fact in this case: *(Specify)*

   ☐   substantial assistance (18 U.S.C. § 3553(e))
   ☐   the statutory safety valve (18 U.S.C. § 3553(f))

C. ☐  No count of conviction carries a mandatory minimum sentence.

## III.   COURT DETERMINATION OF GUIDELINE RANGE: *(BEFORE DEPARTURES OR VARIANCES)*

Total Offense Level:  36_____
Criminal History Category:   I_____
Guideline Range: *(after application of §5G1.1 and §5G1.2)* 188_____ to 235_____ months
Supervised Release Range: 5_____ to _____ years
Fine Range: $ _20,000___ to $ _200,000___

☑  Fine waived or below the guideline range because of inability to pay.

DEFENDANT:      DILLAN LETELLIER
CASE NUMBER:    1:13-cr-10309-GAO
DISTRICT:        Massachusetts

# STATEMENT OF REASONS

**IV. GUIDELINE SENTENCING DETERMINATION** *(Check all that apply)*

   A. ☐ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months.

   B. ☐ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range exceeds 24 months, and the specific sentence is imposed for these reasons: *(Use Section VIII if necessary)*

   C. ☐ The court departs from the guideline range for one or more reasons provided in the <u>Guidelines Manual</u>.
       *(Also complete Section V)*

   D. ☑ The court imposed a sentence otherwise outside the sentencing guideline system (*i.e.*, a variance). *(Also complete Section VI)*

**V. DEPARTURES PURSUANT TO THE GUIDELINES MANUAL** *(If applicable)*

   A. **The sentence imposed departs:** *(Check only one)*
       ☐ above the guideline range
       ☐ below the guideline range

   B. **Motion for departure before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
     1. **Plea Agreement**
        ☐ binding plea agreement for departure accepted by the court
        ☐ plea agreement for departure, which the court finds to be reasonable
        ☐ plea agreement that states that the government will not oppose a defense departure motion
     2. **Motion Not Addressed in a Plea Agreement**
        ☐ government motion for departure
        ☐ defense motion for departure to which the government did not object
        ☐ defense motion for departure to which the government objected
        ☐ joint motion by both parties
     3. **Other**
        ☐ Other than a plea agreement or motion by the parties for departure

   C. **Reasons for departure:** *(Check all that apply)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ | 5K2.17 | High-Capacity Semiautomatic Weapon |
| ☐ | 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ | 5K2.20 | Aberrant Behavior |
| ☐ | 5H1.11 | Military Service | ☐ 5K2.8 | Extreme Conduct | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5H1.11 | Charitable Service/Good Works | ☐ 5K2.9 | Criminal Purpose | ☐ | 5K2.22 | Sex Offender Characteristics |
| ☐ | 5K1.1 | Substantial Assistance | ☐ 5K2.10 | Victim's Conduct | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| ☐ | 5K2.0 | Aggravating/Mitigating Circumstances | ☐ 5K2.11 | Lesser Harm | ☐ | 5K2.24 | Unauthorized Insignia |
| | | | | | ☐ | 5K3.1 | Early Disposition Program (EDP) |

   ☐ Other Guideline Reason(s) for Departure, to include departures pursuant to the commentary in the <u>Guidelines Manual</u>: *(see "List of Departure Provisions" following the Index in the Guidelines Manual.) (Please specify)*

   D. **State the basis for the departure.** *(Use Section VIII if necessary)*

DEFENDANT:    DILLAN LETELLIER
CASE NUMBER:  1:13-cr-10309-GAO
DISTRICT:      Massachusetts

# STATEMENT OF REASONS

**VI. COURT DETERMINATION FOR A VARIANCE** *(If applicable)*

  **A. The sentence imposed is:** *(Check only one)*

      ☐ above the guideline range

      ☑ below the guideline range

  **B. Motion for a variance before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*

    **1. Plea Agreement**

      ☑ binding plea agreement for a variance accepted by the court

      ☐ plea agreement for a variance, which the court finds to be reasonable

      ☐ plea agreement that states that the government will not oppose a defense motion for a variance

    **2. Motion Not Addressed in a Plea Agreement**

      ☐ government motion for a variance

      ☐ defense motion for a variance to which the government did not object

      ☐ defense motion for a variance to which the government objected

      ☐ joint motion by both parties

    **3. Other**

      ☐ Other than a plea agreement or motion by the parties for a variance

  **C. 18 U.S.C. § 3553(a) and other reason(s) for a variance** *(Check all that apply)*

    ☐ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):

      ☐ Mens Rea           ☐ Extreme Conduct        ☐ Dismissed/Uncharged Conduct

      ☐ Role in the Offense     ☐ Victim Impact

      ☐ General Aggravating or Mitigating Factors: *(Specify)*

    ☐ The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):

      ☐ Aberrant Behavior          ☐ Lack of Youthful Guidance

      ☐ Age                    ☐ Mental and Emotional Condition

      ☐ Charitable Service/Good   ☐ Military Service
         Works

      ☐ Community Ties        ☐ Non-Violent Offender

      ☐ Diminished Capacity     ☐ Physical Condition

      ☐ Drug or Alcohol Dependence  ☐ Pre-sentence Rehabilitation

      ☐ Employment Record      ☐ Remorse/Lack of Remorse

      ☐ Family Ties and          ☐ Other: *(Specify)* _____
         Responsibilities

      ☐ Issues with Criminal History: *(Specify)* _____

    ☑ To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
       *(18 U.S.C. § 3553(a)(2)(A))*

    ☑ To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*

    ☑ To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*

    ☑ To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*

    ☑ To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D))*

    ☑ To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*

    ☑ To avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)) *(Specify in section D)*

    ☑ To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*

    ☐ Acceptance of Responsibility   ☐ Conduct Pre-trial/On Bond   ☐ Cooperation Without Government Motion for
                                                  Departure

    ☐ Early Plea Agreement       ☐ Global Plea Agreement

    ☐ Time Served *(not counted in sentence)*  ☐ Waiver of Indictment    ☐ Waiver of Appeal

    ☐ Policy Disagreement with the Guidelines (*Kimbrough v. U.S.*, 552 U.S. 85 (2007): *(Specify)* _____

    ☐ Other: *(Specify)* _____

  **D. State the basis for a variance.** *(Use Section VIII if necessary)*

    The sentence was imposed for the reasons stated on the record in open court, a transcript of which statement is attached hereto and incorporated herein.

DEFENDANT:    DILLAN LETELLIER
CASE NUMBER: 1:13-cr-10309-GAO
DISTRICT:     Massachusetts

# STATEMENT OF REASONS

## VII. COURT DETERMINATIONS OF RESTITUTION

A. ☐ Restitution not applicable.

B. Total amount of restitution: $  2,400.00

C. Restitution not ordered: *(Check only one)*

1. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3. ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5)).

5. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).

6. ☐ Restitution is not ordered for other reasons: *(Explain)*

D. ☐ Partial restitution is ordered for these reasons: *(18 U.S.C. § 3553(c))*

## VIII. ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE *(If applicable)*

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 1984

Defendant's Residence Address: Saco, Maine 04072

Defendant's Mailing Address: Same as Above

Date of Imposition of Judgment: 03/28/2017

Signature of Judge

George A. O'Toole, Jr    U.S.D.J.
Name and Title of Judge

Date: 5/1/17

1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA,

                    Plaintiff,          Criminal Action
                                        No. 13-10309-GAO

v.
                                        May 11, 2017

DILLAN LETELLIER,

                    Defendant.

_____


TRANSCRIPT OF STATEMENT OF REASONS

BY THE HONORABLE GEORGE A. O'TOOLE, JR.

UNITED STATES DISTRICT COURT

JOHN J. MOAKLEY U.S. COURTHOUSE

1 COURTHOUSE WAY

BOSTON, MA   02210




DEBRA M. JOYCE, RMR, CRR, FCRR
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 5204
Boston, MA   02210
joycedebra@gmail.com

* * * * * * * * * *

THE COURT: As we noted, the methodology of deciding on an appropriate sentence is first to consider what the United States sentencing guidelines would recommend in the particular circumstances of a given case, and that is done by addressing the important factors in the case and assigning them the scoring that occurs in the guidelines regime, and then, when added up, consider that recommendation but in conjunction with a number of other considerations. And those considerations are set forth in what we refer to as the sentencing statute. It's 18 U.S. Code Section 3553.

In this case, what the guidelines recommend is above what the parties have recommended in their plea agreement that has been submitted and accepted. So that puts it to one side because I said I would accept the parties' range as a range for appropriate sentencing, that puts aside the guideline recommendations.

So we turn to the factors that the statute enumerates, and there are a number of them, and actually, sometimes there are more that apply and sometimes fewer, and in this case, as I read them, most of them apply, I think.

And the first consideration is the nature and circumstances of the offense or the offenses. And I don't want to belabor the point. I think I substantially agree with the prosecutor's characterization. This behavior was directed at

more than one vulnerable victim, was premeditated, it required

extensive preparation and extensive execution. It was,

apparently, time intensive. One of the things that stands out

as a feature of this case is the Hershey letter as a signal, as

a kind of sign of how determined the defendant was to

accomplish these offenses. So it was all of those things, and

it was predatory. Those are, I think, the salient nature and

circumstances of the offense.

The sentence imposed should reflect the seriousness of

the offense, provide just punishment for that, and promote

respect for the law by doing so. Those two considerations

dovetail, it seems to me, in this case. The sentence should

provide adequate deterrence to criminal conduct, both with

respect to an individual defendant who is deterred from repeat

offending, but also to others who might be contemplating

embarking on a similar course of conduct, that they will be

warned of the serious consequences that follow. And therefore,

another factor, to protect the public from future crimes of the

defendant, but also from other offenders.

Another important factor in this case is one that I

think is not always cited but is the need to provide the

defendant with educational training, medical care, other

correctional treatment in an effective manner. I think

Dr. Ball's report indicates that there is some pathology, and I

think an institutional setting may be an appropriate place

1  where some of those issues can be addressed in a long-term

2  environment.

3          I take note of the statutory factor of avoiding

4  unwarranted disparities.  It's always difficult to compare

5  cases.  Every case is unique.  There are always cases with

6  features that are similar and features that are different.  So

7  I won't say that the cases that are cited, the _Stoloff_ and _Gage_

8  cases, are perfect comparators.  They are, to some degree,

9  markers that should be noted and considered.

02:09 10          And finally, this is more or less -- less

11  controversial, I guess, less significant factor, the need to

12  provide restitution to any victim.  And the parties in their

13  plea agreement have agreed to a restitution amount.

14          But for all those reasons, I am persuaded that the

15  government's recommendation is an appropriate one and within

16  the range suggested by the parties at the high end.

17          Apart from what I've already described, I think a

18  feature that perhaps distinguishes it from other cases, but

19  perhaps not, is the sort of separate offense of collection of

02:10 20  child pornography.  Obviously, they're interrelated conduct,

21  but they are somewhat different in kind, and I think that -- if

22  there was something that was -- I was uncertain about, I think

23  it's the addition of that offense and the conduct underlying it

24  that pushes me to the top end of the guideline range -- not the

25  guideline range -- the parties' suggested range.

1    So I will impose a sentence of 168 months, consistent

2 with the range in the plea agreement, and five years of

3 supervised release.

4            *   *   *   *   *   *   *   *   *   *

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25